UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>)<br>**v.**                                                    )<br>)<br>**MARKEVIN FAUCETTE,**                 )<br>)<br>           **DEFENDANT**              ) | **CRIMINAL NO. 2:13-CR-79-DBH** |

**ORDER ON DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

The defendant Markevin Faucette moves for a bill of particulars. Mot. for Bill of Particulars (ECF No. 45). The government opposes the motion. Gov't Response to Def.'s Mot. for Bill of Particulars (ECF No. 62). I **DENY** the motion.

As the First Circuit stated in United States v. Sepulveda:

> Motions for bills of particulars are seldom employed in modern federal practice. When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause.

15 F.3d 1161, 1192-93 (1st Cir. 1993). Faucette contends that the Indictment fails to provide him with sufficient information to prepare a defense. The Indictment specifies the laws that Faucette allegedly violated (in Count I conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base and in Count II distribution of 28 grams or more of cocaine base) and provides a two-day "temporal framework" in which the conduct allegedly occurred (the conspiracy between January 8, 2013 and January 9,

2013 and the distribution on January 9, 2013)[1]. United States v. Poulin, 588 F. Supp. 2d 64, 67 (D. Me. 2008) (citing Sepulveda, 15 F.3d at 1192). In Count One the Indictment also lists the names of two co-conspirators and in Count Two the Indictment lists a codefendant. United States v. Penagaricano-Soler, 911 F.2d 833, 840 n.5 (1st Cir. 1990) ("where . . . the indictment alleges the unlawful agreement with sufficient particularity, the defendant is not denied adequate notice of the charge merely by virtue of the failure to name all co-conspirators"). Faucette also contends that the Indictment is deficient because it fails to allege any overt acts. Faucette is charged with a drug conspiracy under 21 U.S.C. § 846, and the government does not need to "plead or prove any overt act in furtherance of [a drug] conspiracy." United States v. Paiva, 892 F.2d 148, 155 (1st Cir. 1989) (citing United States v. Williams, 809 F.2d 75, 80 (1st Cir. 1986)).

Faucette is not entitled by way of a bill of particulars to obtain details revealing the precise manner in which the government alleges that he committed the crimes charged or the manner in which it will attempt to prove the charges. See, e.g., United States v. Nelson-Rodriguez, 319 F.3d 12, 30-31 (1st Cir. 2003). The purpose of a bill of particulars is not to provide a defendant with discovery that otherwise would not be discoverable under the criminal rules and Brady/Giglio. In any event, the government represents that it has provided Faucette with extensive discovery including (1) criminal history documents; (2) police and agent reports outlining relevant portions of the investigation including the events of January 8 and 9; (3) a video recording of

---

[1] The broader dates of which the defendant complains do not appear in this Indictment.

the traffic stop on January 9; (4) a recorded call placed to co-defendant Rodriguez; and (5) numerous written statements of Faucette.  Gov't Response to Def.'s Mot. for Bill of Particulars at 2.

The Indictment is adequately detailed to enable Faucette to prepare his defense, avoid unfair surprise and preclude a second prosecution for the same offense.  The motion is therefore **DENIED**.

**SO ORDERED.**

**DATED THIS 9TH DAY OF JULY, 2013**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**