## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| | ) |
| **v.** | )   **CRIMINAL NO. 2:13-CR-79-DBH** |
| | ) |
| **MARKEVIN FAUCETTE,** | ) |
| | ) |
| **DEFENDANT** | ) |

## ORDER ON DEFENDANT'S MOTION FOR PRETRIAL HEARING

The defendant moves for a pretrial hearing to determine the admissibility of coconspirator statements. Mot. for Prelim. Hr'g (ECF No. 47). The government opposes the motion. Gov't Response to Def.'s Mot. for Prelim. Hr'g (ECF No. 61). I **DENY** the motion.

The usual course of action in this circuit is to admit the hearsay evidence provisionally, "subject to [a] final Petrozziello[, 548 F.2d 20 (1st Cir. 1977)] determination, which should be made 'at the close of all the evidence' and 'out of the hearing of the jury.'" United States v. Portela, 167 F.3d 687, 702-03 (1st Cir. 1999) (quoting United States v. Ciampaglia, 628 F.2d 632, 638 (1st Cir.1980) (providing detailed procedures for trial courts to employ in admitting coconspirator statements)). The necessity of a separate hearing for the admission of coconspirator statements has been rejected by the Court of Appeals for the First Circuit. United States v. Isabel, 945 F.2d 1193, 1198-99 (1st Cir. 1991) ("district court may, but need not, make a pretrial determination as to the provisional admissibility of the proffered [coconspirator] statements");

United States v. Medina, 761 F.2d 12, 17 (1st Cir. 1985) ("Although there might conceivably be instances where [a hearing to determine the admissibility of coconspirator hearsay] would be helpful, we think that as a general rule such a hearing, unlike a pretrial suppression hearing, would unnecessarily lengthen the proceedings."); United States v. Fontanez, 628 F.2d 687, 689 (1st Cir. 1980) (trial judge does not need to hold a separate admissibility hearing either pretrial or outside of the presence of the jury before admitting coconspirator statements).  In discussing a defendant's request for a separate hearing, the First Circuit has stated that evidentiary Petrozziello issues are "grist for the mill of district judges and, except in rare instances, can be handled competently in the trial context."  Medina, 761 F.2d at 17.

There is no caselaw in the First Circuit requiring me to hold a pretrial hearing and the defendant offers no argument that convinces me that this is a case where a hearing is necessary.  No "rare instances" are present requiring me to deviate from the Ciampaglia procedures.

SO ORDERED.

DATED THIS 9TH DAY OF JULY, 2013

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**