UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MARKEVIN FAUCETTE, )
)
      Petitioner, )
)
  v. ) 2:13-cr-00079-DBH-1
) 2:16-cv-00271-DBH
)
UNITED STATES OF AMERICA, )
)
      Respondent )

# RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In this action, Petitioner Markevin Faucette moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 235.) Following a guilty plea, Petitioner was convicted of conspiracy to distribute and possess with the intent to distribute 28 grams or more of cocaine base; the Court sentenced Petitioner to 200 months in prison, to be followed by eight years of supervised release. (Amended Judgment, ECF No. 224 at 1-3.)[1]

Petitioner alleges counsel at his plea inaccurately informed him that he was subject to a sentencing enhancement, and therefore his plea, which was based on the assumption

---

[1] Petitioner was originally sentenced on two counts of the indictment – conspiracy to possess with the intent to distribute 28 grams or more of cocaine base (Count I) and possession with the intent to distribute 28 grams or more of cocaine base (Count II). On appeal, the Government conceded that Petitioner should have only been sentenced on Count I, as Petitioner did not plead guilty to Count II. *United States v. Faucette*, 607 F. App'x 5, 6 (1st Cir. 2015) (per curiam). The First Circuit remanded the action and directed this Court "to vacate the concurrent term of imprisonment, supervised release, and second $100 special assessment imposed on Count II, and to dismiss Count II of the indictment." *Id.* On remand, this Court entered an amended judgment. (Amended Judgment, ECF No. 224 at 1.) Petitioner appealed from the amended judgment (Notice of Appeal, ECF No. 226), but he later voluntarily dismissed the appeal, pursuant to Fed. R. App. P. 42(b). *United States v. Faucette*, No. 15-2102 (1st Cir. Apr. 19, 2016).

he was subject to a sentencing enhancement, was not made knowingly and voluntarily. (Motion at 18-20.) Petitioner also maintains that sentencing counsel failed to challenge Petitioner's status as a career offender under USSG § 4B1.1; Petitioner contends that none of the prior offenses on which his career offender status was based qualifies as a controlled substance offense under section 4B1.2(b). (*Id.* at 18-22.)

Following a review of Petitioner's motion, the Government's request for dismissal, and the record, I recommend the Court grant the Government's request, and dismiss Petitioner's motion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Before the plea hearing, the Government filed an information, pursuant to 21 U.S.C. § 851, that alleged a 2008 North Carolina felony drug offense as a predicate for purposes of a statutorily enhanced sentence under 21 U.S.C. § 841(b)(1)(B).[2] (Information, ECF No. 94.) At the plea hearing, the Court informed Petitioner, before he pled guilty, of the possibility of a statutorily enhanced sentence of between ten years and life. (Plea Tr., ECF No. 209 at 6-7; Information.)

At sentencing, the Court found the facts as set forth in the revised presentence investigation report.[3] (Sentencing Tr., ECF No. 208 at 12.) The Court determined the base offense level was 32, pursuant to USSG § 2D1.1(c)(4). (*Id.*) The Court added two levels,

---

[2] Title 21 U.S.C. § 841(b)(1)(B) provides in pertinent part: "If any person commits [a violation under 21 U.S.C. § 841(a), (b)(1)(B)], after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment . . . ."

[3] The errors in the revised presentence investigation report were addressed in the appeal referenced in footnote 2 above. The errors do not affect Petitioner's 28 U.S.C. § 2255 motion.

pursuant to USSG § 2D1.1(b)(14)(E), because Petitioner "committed the offense as part of a pattern of criminal livelihood." (*Id.*) The Court added two levels, pursuant to USSG § 3B1.1(c), because Petitioner "was the organizer of a criminal enterprise." (*Id.* at 13.)

The Court found Petitioner was a career offender, because he had two or more prior felony convictions, pursuant to USSG § 4B1.1.[4] (*Id.* at 13.) The three predicate offenses identified in the revised presentence investigation report were: (1) a 1997 Connecticut conviction for the sale of hallucinogens or narcotics, for which Petitioner was sentenced to a term of 4 years of imprisonment (2 years to serve, 2 years of probation) (Report ¶ 41); (2) a 2004 North Carolina conviction for felony possession of cocaine, felony possession with intent to sell cocaine, and felony sale of cocaine, for which Petitioner was sentenced to a prison term of 16 to 20 months (Report ¶ 49); (3) a 2008 North Carolina conviction for trafficking Schedule I and II substances, possession with intent to sell a Schedule II substance, and resisting an officer; Petitioner was sentenced to a prison term of 35 to 42

---

[4] The sentencing guidelines provide that one of the requirements for career offender status is a prior criminal history that includes at least two qualifying prior convictions:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a). The term "controlled substance offense" is defined in the guidelines:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

USSG § 4B1.2(b).

months (Report ¶ 53).[5] Petitioner's career offender status raised the offense level to 37, pursuant to USSG § 4B1.1(b)(1).[6] (Sentencing Tr. at 13.)

The Court reduced the offense level to 34 for Petitioner's acceptance of responsibility, pursuant to USSG § 3E1.1. (*Id.*) The Court found the guidelines range to be 262 to 327 months, based on a total offense level of 34 and a criminal history category of VI.[7] (*Id.*) Petitioner did not object to the guidelines calculation. (*Id.*)

After considering the sentencing factors under 18 U.S.C. § 3553(a), the Court focused particularly on the significant quantity of drugs involved, the pattern of activity, and the need to promote respect for the law and to protect the public. (*Id.* at 14-15.) The Court determined that the career offender range would result in a prison term that was longer than necessary to achieve the Court's sentencing goals; the Court imposed a

---

[5] The Government alleged the 2008 North Carolina conviction as the basis for an enhanced sentence, pursuant to 21 U.S.C. § 841(b)(1)(B). (Information, ECF No. 94.)

[6] USSG § 4B1.1(b) provides in relevant part:

> [I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI.

Absent Petitioner's career offender enhancement, his adjusted offense level would have been 36. (Sentencing Tr., ECF No. 208 at 13.) However, because the offense statutory maximum was life, pursuant to 21 U.S.C. § 841(b)(1)(B) (Amended Judgment at 1), Petitioner's career offender status raised the adjusted offense level to 37, pursuant to USSG § 4B1.1(b)(1).

[7] The revised presentence investigation report stated that Petitioner's career offender status raised his criminal history category to VI, pursuant to USSG § 4B1.1(b). (Report ¶¶ 54-55.)

4

below-guidelines sentence of 200 months of imprisonment, to be followed by eight years of supervised release.[8] (*Id.* at 15-16.)

Because Petitioner pled guilty to Count I only, but the judgment erroneously included Count II, the First Circuit, on appeal, remanded the case and directed this Court to vacate the sentence on Count II, and dismiss Count II of the indictment. *United States v. Faucette*, 607 F. App'x 5, 6 (1st Cir. 2015) (per curiam). The First Circuit did not vacate the sentence on Count I. *Id.* Thus, the amended judgment reflected no change to the 200-month term of imprisonment or the eight-year term of supervised release on Count I. (Amended Judgment at 1-3.)

Petitioner filed a notice of appeal from the amended judgment. (Notice of Appeal, ECF No. 226.) Petitioner did not contest his career offender status on appeal. (*United States v. Faucette*, No. 14-1495, Brief of Appellant, Doc. No. 00116779800 at 5 (Statement of Issues).) He later voluntarily dismissed the appeal, pursuant to Fed. R. App. P. 42(b). (*United States v. Faucette*, No. 15-2102 (1st Cir. Apr. 19, 2016).)

Petitioner asserts that he signed his section 2255 motion on May 25, 2016; the Government does not contest the timeliness of the motion.[9] (Motion at 13; Response at 7.) The Court granted two motions, filed by Petitioner, to supplement his section 2255 motion. (Motions to Supp., ECF Nos. 246, 252; Orders, ECF Nos. 247, 253.)

---

[8] In its statement of reasons for the judgment, the Court noted, among other things, that "[t]he sentence imposed is within the advisory guideline range absent the career offender application and in consideration of the Holder memo." (Statement of Reasons, ECF No. 201 at 3.)

[9] *See* 28 U.S.C. 2255(f) (providing in pertinent part that "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final.")

5

## II. DISCUSSION

### A. Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "Accordingly, a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127-28.

An allegation of ineffective assistance of counsel may excuse a procedural default, but only if the petitioner demonstrates both that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the test because a failure to meet either prong will undermine the claim. *Strickland*, 466 U.S. at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

### B. Claims of ineffective assistance of plea counsel and sentencing counsel for failure to challenge the prior drug convictions

Petitioner alleges counsel inaccurately told him his prior offenses may subject him to a career offender sentencing enhancement, and therefore his plea was not made knowingly and voluntarily. (Motion 18-20.) He also contends counsel should have challenged the use of his prior convictions to enhance the sentence. (Motion at 20-24.)

Petitioner's claims fail because his underlying argument that his North Carolina offenses were not proper career offender predicates lacks merit.[10] That is, Petitioner was properly determined to be a career offender by his counsel and the Court.

---

[10] The Court need not address Petitioner's contention (Motion to Supp., ECF No. 252 at 3) that his Connecticut prior drug offense does not qualify as a predicate controlled substance offense, because the Government does not contest the issue; rather, the Government argues Petitioner cannot demonstrate either deficient performance or prejudice based on counsel's failure to challenge the Connecticut offense, because the two North Carolina offenses qualify and meet the requirement under USSG § 4B1.1(a) that there be at least two predicate offenses. (Response, ECF No. 249 at 13-14.)

7

The presence investigation report does not cite the North Carolina statutes applicable to Petitioner's 2004 and 2008 convictions. (Report ¶¶ 49, 53.) However, the Government represents, in its response to Petitioner's section 2255 motion, that the sentences identified in the revised presentence investigation report were based on Petitioner's prior record level under state law (Level III), and the statutes of conviction, which included N.C. Gen. Stat. §§ 90-95(a)(1), 90-95(h)(4b).[11] (Response at 12.) Petitioner does not contest the information, and it is consistent with the sentencing ranges identified in the revised presentence investigation report, i.e., the applicable range of 16 to 20 months for the 2004 conviction (Report ¶ 49), and the applicable range of 35 to 42 months for the 2008 conviction (Report ¶ 53).[12] A conviction under either statute

---

[11] The Government also represents the prior North Carolina convictions include a violation of N.C. Gen. Stat. § 90-95(i), which provides that "[t]he penalties provided in subsection (h) of this section shall also apply to any person who is convicted of conspiracy to commit any of the offenses described in subsection (h) of this section." However, it is not apparent from a review of the revised presentence investigation report that either the 2004 offense or the 2008 offense included a conviction on a conspiracy count. Given the state of the record, this recommended decision does not reflect a conclusion as to whether Petitioner had a prior conviction under section 90-95(i).

[12] North Carolina law provides: "The sentence shall contain a sentence disposition specified for the class of offense and prior record level." N.C. Gen. Stat. § 15A-1340.13(b). The statute provides regarding the minimum and maximum terms:

> The judgment of the court shall contain a minimum term of imprisonment that is consistent with the class of offense for which the sentence is being imposed and with the prior record level for the offender. The maximum term of imprisonment applicable to each minimum term of imprisonment is, unless otherwise provided, as specified in [N.C. Gen. Stat. §] 15A-1340.17. The maximum term shall be specified in the judgment of the court.

N.C. Gen. Stat. § 1340.13(c).

The revised presentence investigation report states that the 2004 conviction included "[f]elony sell cocaine," i.e., a felony sale of cocaine. (Report ¶ 49.) Under N.C. Gen. Stat. § 90-95(a)(1), "it is unlawful for any person . . . [t]o manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance." Pursuant to section 90-90(1)(d), cocaine is a Schedule II controlled substance. Pursuant to § 90-95(b)(1), "the sale of a controlled substance classified in Schedule I or II shall be punished as a Class G felony." *See United States v. Douglas*, 446 F. App'x 637, 638 (4th Cir. 2011) (per curiam)

carried a maximum sentence of more than one year, and thus both the 2004 offense and the 2008 offense qualify as prior controlled substance offenses under USSG § 4B1.2(b).

Furthermore, each of the North Carolina prior offenses independently qualified as a controlled substance offense under USSG § 4B1.2(b), for purposes of satisfying the requirement that there be at least two such offenses, pursuant to USSG § 4B1.1(a). *See Nixon v. United States*, Nos. 4:07-CR-53-FL-1, 4:10-CV-112-FL, 2018 WL 1902363, at *3 (E.D. N.C. Apr. 20, 2018) ("Because petitioner has *two* qualifying consolidated sentences under North Carolina law, each of which involving 'controlled substance offenses,' petitioner was correctly designated a career offender.") (comparing *United States v. Davis*, 720 F.3d 215, 219 (4th Cir. 2013) ("We hold today that where a defendant

---

(noting that a prior North Carolina offense of felony possession with intent to "sell and deliver" cocaine involved the "distribution" or "dispensing" of a controlled substance under USSG § 4B1.2(b), but vacating and remanding because "an offender possessing the same prior criminal record as Douglas at the time of his offense could not have received a sentence exceeding one year under North Carolina's structured sentencing").

Pursuant to N.C. Gen. Stat. § 15A-1340.17(c), and the version of section 15A-1340.17(d) in effect at the time of Petitioner's 2004 conviction, a Class G offense, for a defendant with a prior record level III, carried a maximum prison term of 20 months.

The Government also represents Petitioner had a prior conviction pursuant to N.C. Gen. Stat. § 90-95(h)(4b), which addresses "trafficking in MDA/MDMA." (Response at 12.) According to the revised presentence investigation report, the 2008 conviction included "[t]rafficking Schedule I [s]ubstance." (Report ¶ 53). MDMA and MDA are Schedule I substances. N.C. Gen. Stat. § 90-89(3). The sentencing maximum identified in the report, 42 months, is consistent with the maximum applicable to Class G and punishable under section 90-95(h)(4b)(a).

In *United States v. Odom*, 671 F. Supp. 2d 163, 165 n.2 (D. Me. 2009), this Court addressed a North Carolina career offender predicate controlled substance offense of possession with intent to sell marijuana. Since *Odom*, the Fourth Circuit, relying in part on *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), noted that "*Carachuri* . . . forbids us from considering hypothetical aggravating factors when calculating Simmons's maximum punishment." *United States v. Simmons*, 649 F.3d 237, 244 (4th Cir. 2011) (citing *Carachuri*, 560 U.S. at 575-77). *Carachuri* and *Simmons* do not affect the outcome in Petitioner's case, however, because the Court determined that the sentence maximums applicable to Petitioner were 20 months for the 2004 offense and 42 months for the 2008 offense, as set forth in the revised presentence investigation report. (Sentencing Tr. at 12.)

9

receives a 'consolidated sentence' (or 'consolidated judgment') under North Carolina law, it is one sentence and absent another qualifying sentence, the enhancement is inapplicable."); *United States v. Mitchell*, 679 F. App'x 259, 261 n.2 (4th Cir. 2017) (per curiam) ("Here, the district court counted Mitchell's sentence for [possession with intent to sell and deliver] cocaine, which was consolidated for judgment with his cocaine trafficking conviction, as a single prior sentence, consistent with *Davis*.")).[13]

Given that Petitioner's 2004 and 2008 North Carolina offenses qualify as career offender predicates, his challenge to his career offender status fails. Because Petitioner's underlying career offender argument fails, his related claim of ineffective assistance of counsel also fails. *See Tse*, 290 F.3d at 465.[14]

---

[13] Petitioner refers to the prior convictions set forth in paragraphs 49 and 50 of the presentence investigation report (ECF No. 252 at 4); although the report states these were consolidated for judgment, the fact has no bearing on Petitioner's career offender status, because, as discussed above, the two predicate offenses were those set forth in paragraphs 49 and 53 of the report.

[14] Petitioner also evidently contends a prior offense of breaking and entering does not qualify as a career offender predicate. (ECF No. 252 at 2.) Although the revised presentence investigation report reflects one prior offense of breaking and entering, and one corresponding criminal history point (Report ¶ 51), Petitioner's sentence was not enhanced based on his criminal history points; rather, as discussed above, it was enhanced due to Petitioner's status as a career offender. (Sentencing Tr. at 12-13; Report ¶¶ 29, 54-55.)

Therefore, although Petitioner cites the following cases (Motion, ECF No. 235 at 18, 20; Motion to Supp., ECF No. 246 at 1-3; Motion to Supp., ECF No. 252 at 5-7), none applies to Petitioner's case: *Sessions v. Dimaya*, --- U.S. ---, 138 S. Ct. 1204, 1210-11 (2018) ("[I]n [*Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015)], this Court held that part of [the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)] definition of 'violent felony' was impermissibly vague. . . . The question in this case is whether a similarly worded clause in [the 18 U.S.C. § 16] definition of 'crime of violence' suffers from the same constitutional defect. Adhering to our analysis in *Johnson*, we hold that it does."); *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243, 2247-48 (2016) (holding that a prior burglary offense qualifies as an ACCA predicate offense only if "its elements are the same as, or narrower than, those of the generic offense" of burglary, and no exception is made for situations in which a statute "lists multiple, alternative means of satisfying one (or more) of its elements"); and *Descamps v. United States*, 570 U.S. 254, 257-58 (2013) (holding that because the defendant was convicted of a prior burglary under a statute that did not contain alternative elements of the crime, the sentencing court was not permitted to examine indictments or jury instructions to determine whether the prior crime corresponded to generic

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of May, 2018.

---

burglary; "we hold that sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements").