# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                                      )<br>                                                         )   Criminal No. 2:13-cr-79-DBH-01<br>MARKEVIN FAUCETTE,              )<br>                                                         )<br>             Defendant                )  | |

## PROCEDURAL ORDER ON DEFENDANT'S MOTION
## FOR COMPASSIONATE RELEASE

On July 28, 2020, the defendant Markevin Faucette filed a motion for compassionate relief under the First Step Act, 18 U.S.C. § 3582(c) (ECF No. 262).[1]

He tells me that he requested compassionate release from the Warden, as the statute requires, 18 U.S.C. § 3582(c)(1)(A), and that over 30 days have passed. Def.'s Mot. at 3. He does not tell me whether the Warden responded within the 30 days.

If the Warden did not respond within the 30 days, then it appears this Court has the authority to proceed to consider the motion. 18 U.S.C. § 3582(c)(1)(A) (permitting the court to modify a sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier").

---

[1] Faucette also refers to the CARES Act, but that statute gives authority to the Bureau of Prisons, not the court, Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), and I will not refer to it further.

If the Warden responded within the 30 days and denied his request, then Faucette must pursue his administrative remedies with the Bureau of Prisons. "[T]he 30-day language is designed to ensure that the Warden acts timely and that when she does, the prisoner needs to exhaust his administrative appeal rights before proceeding to court." United States v. Rembert, No. 2:12-CR-66-DBH, 2020 U.S. Dist. LEXIS 107423, at *2-3 (D. Me. June 19, 2020); see also United States v. Miller, No. 2:16-CR-00269, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020) ("It seems odd that Congress would allow a defendant to short-circuit the Bureau of Prison's administrative procedures simply by waiting 30 days after filing his request, despite the warden timely acting on that request. In this context 'lapse' clearly means that the warden must fail to act on the defendant's request for a period of 30 days."); United States v. Weidenhamer, No. CR-16-01072-001, 2019 WL 6050264, at *4 (D. Ariz. Nov. 8, 2019) ("[T]he better reading is to require administrative exhaustion if a warden acts on a request within 30 days.  The statute requires a defendant submit a request to her warden.  If the warden acts on that request in a timely manner, it is appropriate to require a defendant to pursue an administrative appeal.").

Accordingly, I **ORDER** the government to respond by August 7, 2020, to tell me when the Warden responded to Faucette's request (if he/she did).

**SO ORDERED.**

**DATED THIS 31ST DAY OF JULY, 2020**

/s/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

2