UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | )    CRIMINAL NO. 2:13-CR-79-DBH-01 |
| MARKEVIN FAUCETTE, | ) |
| | ) |
|           DEFENDANT | ) |

**SECOND PROCEDURAL ORDER ON DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE**

Markevin Faucette has sought compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Def.'s Mot. (ECF No. 262). In his petition, he said that he had asked the Warden for relief more than 30 days before his court filing, but he did not say whether the Warden responded in a timely fashion or whether he had appealed any negative response within the BOP.

In earlier cases, I had stated that I agreed with those Districts that held that a prisoner who received a negative decision by the Warden must use the BOP internal appeal procedures. See, e.g., United States v. Rembert, No. 2:12-CR-66, 2020 U.S. Dist. LEXIS 107423, at *2-3 (D. Me. June 9, 2020); United States v. Frechette, No. 2:18-CR-112-DBH-04, 2020 WL 4017839 (D. Me. July 16, 2020). I therefore ordered the government to state whether the Warden had acted in a timely fashion, and I explained that if the Warden had done so, Faucette would need to pursue his administrative remedies. Procedural Order (ECF No. 264).

The government responded that the Warden had acted timely in denying Faucette's request and that Faucette had not pursued his BOP appeal remedies.

Gov't Resp. to Procedural Order (ECF No. 266).  But it also told me that the position of the Department of Justice (I assume that the brief has authority to speak for the Department and that it is speaking on a national basis) is that the decision in Rembert is wrong in stating that prisoners must pursue BOP appeal remedies.  Instead, "The Department of Justice's position is that a plain reading of the statute permits a defendant to petition the courts 30 days after submitting a request to the warden, irrespective of whether any further administrative remedies have been exhausted following a denial." Id. at 1.

Although I (and the courts I cited in Rembert) disagree with the government's reading of the CARES Act, I also agree with my colleague Judge Woodcock and the Sixth Circuit that the exhaustion requirement is not jurisdictional and that it can be waived.  United States v. Alam, 960 F.3d 831, 833 (6th Cir. 2020); United States v. Whalen, No. 1:11-CR-00033-JAW, 2020 WL 3802714, at *7 (D. Me. July 7, 2020).  I take the government's position in its response here as waiving the exhaustion requirement.  Accord Whalen, 2020 WL 3802714, at *7.

Accordingly, the government shall respond on the merits to the petitioner's motion by August 24.  Faucette has requested an opportunity to reply to any government response and he shall do so by September 11.

**SO ORDERED.**

**DATED THIS 11TH DAY OF AUGUST, 2020**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**