UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 2:13-CR-79-DBH-01 |
| MARKEVIN FAUCETTE, ) | |
| ) | |
| DEFENDANT ) | |

**ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION**

The defendant Markevin Faucette has filed a motion for reconsideration of my September 22, 2020, Order denying his motion for compassionate release. The motion is lengthy, well-thought-out, and often eloquent. I agree with Faucette's argument that in ruling on a motion for compassionate release, a judge is not limited to the Sentencing Commission's policy statement. See Mot. for Recons. at 7-15. I stated as much in United States v. Fox, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019), aff'd, No. 19-1785 (1st Cir. July 23, 2020) ("the district court did consider other relevant circumstances not specifically enumerated in the guidelines"), and recently the Second Circuit Court of Appeals has stated bluntly that the policy statement applies only to motions brought by the Bureau of Prisons and nothing limits judges' discretion in considering "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release," except that rehabilitation alone is not to be considered an extraordinary and compelling reason. United States v. Brooker, No. 19-3218-CR, 2020 WL 5739712, at *7-8 (2d Cir. Sept. 25, 2020).

But in denying Faucette's original motion, I did not feel bound by the Commission's policy statement. Instead, like Judge Torresen in <u>United States v. Hunter</u>, No. 2:14-cr-00122-NT, 2020 WL 4194504, at *3 (D. Me. July 21, 2020), I looked at "the § 3553(a) factors, including protection of the public" and concluded "that the circumstances here do not present extraordinary and compelling reasons to reduce Faucette's sentence because his recidivism risk poses a significant danger to the community." In doing so, I quoted from the apprehensions I expressed in sentencing him in 2014 which—despite Faucette's activities in prison and his eloquent statements of how he has improved—remain.

I therefore **DENY** the motion for reconsideration.

**SO ORDERED.**

**DATED THIS 20TH DAY OF OCTOBER, 2020**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**