UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v.                                                 ) <br> ) <br> MARKEVIN FAUCETTE,                  ) <br> ) <br>             Defendant.                      ) <br> ) | Docket No. 2:13-cr-00079-NT |

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**

On September 10, 2013, the Defendant, Markevin Faucette, was charged in a two-count Superseding Indictment with participating in a crack cocaine trafficking conspiracy. Superseding Indictment (ECF No. 82); *see United States v. Faucette*, Criminal No. 2:13-cr-79-DBH-01, 2020 WL 5640587, at *1 (D. Me. Sept. 22, 2020). Mr. Faucette pleaded guilty to both counts (ECF No. 112), and on April 30, 2014, Judge Hornby sentenced him to 200 months imprisonment (ECF No. 198), which included a ten-year mandatory minimum. *Faucette*, 2020 WL 5640587, at *1.

In July 2020, in the early months of the COVID-19 pandemic, Mr. Faucette filed a motion for compassionate release (the "**2020 Motion**"), arguing that his release was warranted due to his high blood pressure and cholesterol, the side effects from his medications, and the danger of being incarcerated as COVID-19 continued to spread. 2020 Mot. 1 (ECF No. 262).

In examining this motion, Judge Hornby placed considerable weight on Mr. Faucette's criminal history and his involvement in the conspiracy, noting that at the time of sentencing, he had found that the § 3553(a) factors warranted a "serious

penalty." *Faucette*, 2020 WL 5640587, at *2 (quoting Sentencing Tr.). Despite the advent of the pandemic, Mr. Faucette's health conditions, and the risk of infection in the prison environment, Judge Hornby found that Mr. Faucette was "a significant danger to the community" due to his high risk of recidivism, also noting that Mr. Faucette had not yet even served the mandatory minimum component of his sentence. *Id.* Judge Hornby acknowledged Mr. Faucette's entreaties that he was now a changed man but ultimately concluded that the "record reveal[ed] . . . [a] great risk of repeated criminal behavior" and thus denied the motion. *Id.* at *3.

Now before me is another motion for compassionate release by Mr. Faucette ("**Def.'s Mot.**"). In this second request for compassionate release, Mr. Faucette argues that changed circumstances warrant his release. Def.'s Mot. 1 (ECF No. 285). Specifically, he points to the spread of the Omicron variant, and he also argues that his health has deteriorated and that his place of confinement has changed. Def.'s Mot. 1. Mr. Faucette also continues to insist that he has seen the error of his ways. Def.'s Mot. 2, 7.

In evaluating a compassionate release motion, I must find that a defendant has presented an extraordinary and compelling reason justifying a reduction in his sentence, that that reduction is consistent with applicable policy statements issued by the United States Sentencing Commission, and that any reduction is consistent with the § 3553(a) sentencing factors. *United States v. Texeira-Nieves*, 23 F.4th 48, 52 (1st Cir. 2022). As a result, even assuming that the changed circumstances that Mr. Faucette identifies constitute an extraordinary and compelling reason justifying his

release,[1] and even assuming that reducing his sentence in that manner would be consistent with any applicable policy statements issued by the Sentencing Commission, he still must demonstrate that the § 3553(a) sentencing factors justify a reduction in his sentence. *See id.* at 55 ("[A] supportable determination that the balance of the section 3553(a) factors weighs against a sentence reduction constitutes an independent reason to deny compassionate release.").

Regardless of what circumstances may have changed since 2020, what has not changed is Mr. Faucette's likelihood of recidivism. In denying the 2020 Motion, Judge Hornby was hopeful that Mr. Faucette was indeed a changed man and would turn his life around upon release from prison, but he was also deeply skeptical. *See Faucette*, 2020 WL 5640587, at *3. It was Judge Hornby who sentenced Mr. Faucette, so he had "an intimate knowledge of [Mr. Faucette's] offense of conviction and . . . history and characteristics." *See Texeira-Nieves*, 23 F.4th at 57. I thus pay significant mind to Judge Hornby's judgment in this regard. Moreover, while Mr. Faucette continues to insist that he has turned his life around, he identifies nothing that has occurred in

---

[1] I recognize that there have been some material changes since Judge Hornby denied the 2020 Motion. For example, at the time of Judge Hornby's denial, the facility in which Mr. Faucette was then imprisoned (USP Lewisburg) was reporting zero positive inmate cases and ten positive staff cases. *United States v. Faucette*, Criminal No. 2:13-cr-79-DBH-01, 2020 WL 5640587, at *1 (D. Me. Sept. 22, 2020). Now, however, Mr. Faucette is imprisoned at Williamsburg FCI, which is reporting forty-seven positive inmate cases and fifty-four positive staff cases. Bureau of Prisons, COVID-19 Inmate Test Information, https://www.bop.gov/coronavirus/ (last visited Feb. 11, 2022). Mr. Faucette also identifies two health conditions (obesity and a history of smoking), Def.'s Mot. for Compassionate Release (ECF No. 285), that he did not specifically identify in his 2020 Motion (although he does not provide any medical records to support his contentions). But at the same time, Mr. Faucette is now vaccinated, Def.'s Mot. 6, and thus has substantial protection against severe consequences from a COVID-19 infection. I also note that while he has now served an additional year and a half of his sentence, he still has not served the mandatory minimum.

3

the last year and a half that might call into doubt Judge Hornby's conclusion that Mr. Faucette's risk of recidivism remained too high to warrant release.

For the foregoing reasons, the Defendant's motion for compassionate release is **DENIED**.

SO ORDERED.

/s/ Nancy Torresen<br>United States District Judge

Dated: February 11, 2022